# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DURRELLE YARBOUGH** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 24-CV-6356** |
| | : | |
| **STATE OF PENNSYLVANIA,** *et al.*, | : | |
| *Defendants* | : | |

## MEMORANDUM OPINION and ORDER

Plaintiff Durrelle Yarbough, a pretrial detainee at the Montgomery County Correctional Facility, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against numerous institutional and individual Defendants. (ECF No. 2 at 2-4.)[1] The allegations in Yarbough's original Complaint all appeared related to ongoing criminal proceedings in the Montgomery County Court of Common Pleas. *See Commonwealth v. Yarbough*, No. CP-46-CR-0005601-2023 (C.P. Montgomery). Yarbough sought to proceed *in forma pauperis*.

Before the Court had an opportunity to address Yarbough's *motion for leave to proceed In forma pauperis* (ECF No. 1) and his Complaint, Yarbough filed a Motion for Extension of Time (ECF No. 4), a "Motion for Notice of Service" (ECF No. 5), and a "Motion to Amend Complaint" that included what appeared to be a proposed Amended Complaint (ECF No. 8). The Court then denied the Motion to Proceed *In Forma Pauperis* for lack of sufficient financial information and directed Yarbough to file a new motion and an institutional account statement to comply with to 28 U.S.C. § 1915(a). (ECF No. 7.)

---

[1] The Court adopts the pagination supplied to Yarbough's filings by the CM/ECF docketing system. Grammar, spelling, and punctuation errors in quotes from Yarbough's submissions are cleaned up where necessary.

Yarbough responded by filing two different Motions for Leave to Proceed *In Forma Pauperis* (ECF Nos. 10, 14), his Institutional Account Statement (ECF No. 13), another service-related Motion (ECF No. 9), an "Amended Complaint" (ECF No. 11) and a document titled "Amended Interrogatories" (ECF No. 12).

The "Amended Complaint" that Yarbough most recently submitted does not list the Defendants named in the original Complaint,[2] and instead includes three "names to be added to the Complaint." (ECF No. 11 at 2.) The "Amended Complaint" also includes factual allegations about events post-dating the original Complaint. (*Id.* at 1-4.) Yarbough states that this document is "to be added onto [the] original Complaint and recently delivered Amended Complaint." (*Id.* at 1.)

Yarbough's filing of an amended complaint and his various other requests, which suggest that he may be intending to add additional defendants and/or claims beyond what he has already presented, confuses the identities of the defendants and the nature and scope of the claims before the Court. "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* Furthermore, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*). This means that any filing seeking to amend a complaint must name all of the defendants, list all claims against those defendants, and include all factual allegations in that pleading, rather

---

[2]     Yarbough included "State of Pennsylvania, et al." in the caption of his "Amended Complaint," but does not list any of the other original Defendants. (ECF No. 11 at 1.) He also did not allege any specific basis for liability against any unidentified individuals. In other words, he apparently used "et al." simply as a place holder and not to denote a particular unidentified individual or individuals who were actually responsible for violating his rights.

than referring back to the initial complaint. *See Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012), *report and recommendation adopted,* No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012) ("[A]s a practical matter, the filing of amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff."). The Court is not authorized to permit piecemeal amendment or gradual supplementation of the operative pleading over time. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (internal quotations omitted)).

A supplemental complaint, which differs from an amended complaint, sets out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Thus, rather than set forth additional events that occurred before the original complaint was filed, as does a Rule 15(a) amendment, a supplemental pleading under Rule 15(d) presents more recent events." *Garrett*, 938 F.3d at 82. "Rule 15(d) thus promotes a complete adjudication of the dispute between the parties." *Id.*

Yarbough is representing himself (proceeding *pro se*) and may not have appreciated that his most recently filed Amended Complaint (ECF No. 11) would replace and supersede his prior Amended Complaint (ECF No. 8) as the governing pleading in this matter. He also might not have understood that the Court cannot disregard the Federal Rules of Civil Procedure to consider all of the allegations and claims he filed at different times. It is also not clear whether Yarbough appreciated the distinction between an amended complaint and a supplemental complaint, and whether he has presented all his allegations related to the underlying events. Accordingly, the Court will give Yarbough an opportunity to file a complete and comprehensive second amended

complaint in which he may bring all of his allegations and claims together in one pleading against all of the defendants he intends to sue in this case. *See Angelo v. NVR, Inc*., No. 18-523, 2020 WL 1443214, at *4 (D. Del. Mar. 24, 2020) ("Plaintiff is reminded that should he opt to file a second amended complaint, all allegations shall be contained in one pleading . . . .").

The Court further notes that, because Yarbough seeks to proceed *in forma pauperis*, his case is subject to statutory screening to determine whether it is frivolous, malicious, fails to state a claim, seeks relief from a defendant who is immune, or whether the Court lacks subject matter jurisdiction, prior to service on any defendant or the commencement of discovery. *See* 28 U.S.C. § 1915(e).

**AND NOW**, this 11th day of July, 2025, upon consideration of Yarbough's Motion for Extension of Time (ECF No. 4), Motion for Notice of Service (ECF No. 5), Motion to Amend Complaint (ECF No. 8), Motion dated January 16, 2025 (ECF No. 9), Motions for Leave to Proceed *In Forma Pauperis* (ECF Nos. 10, 14), Prisoner Trust Fund Account Statement (ECF No. 13), Amended Complaint (ECF No. 11), and Motion for Default Judgment (ECF No. 15), and for the reasons stated above, it is hereby **ORDERED** that:

1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.    Durrelle Yarbough, #2305604, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the Montgomery County Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Yarbough's inmate account; or (b) the average monthly balance in Yarbough's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to

4

the Court with a reference to the docket number for this case. In each succeeding month when the amount in Yarbough's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Yarbough's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3.    The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of the Montgomery County Correctional Facility.

4.    Yarbough may file a second amended complaint within thirty (30) days of the date of this Order. Any second amended complaint must clearly identify **<u>all defendants</u>** in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Yarbough's claims against each defendant. Any defendants who are not listed will not be considered parties to this case. **<u>The second amended complaint shall be a complete document that does not rely on (or incorporate by reference) the initial Complaint, Amended Complaint, or any other papers filed in this case to state a claim. This means that Yarbough must raise all factual allegations and claims that he seeks to bring related to the events underlying this lawsuit in one single document. Any claims, allegations, or defendants that are not included in that one document will not be considered part of this case.</u>** Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5.    The Clerk of Court is **DIRECTED** to send Yarbough copies of the following documents:

      a.    The initial Complaint (ECF No. 2);

      b.    The Motion to Amended Complaint (ECF No. 8);

    c.   The Amended Complaint (ECF No. 11); and

    d.   A blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Yarbough may use this form to file his second amended complaint if he chooses to do so.

6.    If Yarbough does not file a second amended complaint, the Court will treat Yarbough's Amended Complaint (ECF No. 11) as the governing pleading in this case and will screen it pursuant to 28 U.S.C. § 1915(e)(2)(B), considering **_only_** the allegations made in that pleading.

7.    The Motion for Extension of Time (ECF No. 4) is **DENIED** as **MOOT**.

8.    As Yarbough's pleadings are still subject to statutory screening under 28 U.S.C. § 1915, his service-related Motions (ECF Nos. 5, 9) and his Motion for Default Judgment (ECF No. 15) are **DENIED** as premature.

9.    To the extent Yarbough requests discovery in his "Amended Interrogatories" (ECF No. 12), his request is **DENIED** as premature.[3]

**BY THE COURT:**

/s/ _Nitza I. Quiñones Alejandro_
**NITZA I. QUIÑONES ALEJANDRO**
_Judge, United States District Court_

---

[3]  Discovery generally does not occur until the Defendants have been served and have answered the operative pleading. At this point in the case, the Court does not clearly have an operative pleading.